IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1999 SESSION

FILED

December 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9903-CR-00098 |
| Appellee, | * | GREENE COUNTY |
| VS. | * | Hon. James E. Beckner, Judge |
| DENNIS J. SHELTON, JR., | * | (Aggravated Burglary; Theft of Property over $1,000) |
| Appellant. | * | |

For Appellant:

Douglas L. Payne
114 South Maine Street
Greeneville, TN  37743

For Appellee:

Paul G. Summers
Attorney General & Reporter

Clinton J. Morgan
Counsel for the State
425 Fifth Avenue North
Nashville, TN  37243-0493

Cecil C. Mills, Jr.
Assistant District Attorney General
109 South Main Street
Greeneville, TN  37743

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The defendant, Dennis Shelton, was convicted of aggravated burglary and theft of property over $1,000 but less than $10,000. The trial court imposed Range I sentences of six years for the aggravated burglary conviction and four years for the theft conviction. The sentences were ordered to be served concurrently. The trial court also imposed a fine of $4,000. In this appeal of right, the following issues are presented for review: (1) whether the evidence is sufficient to support the guilty verdicts; and (2) whether the sentence imposed is excessive.

We affirm the judgment of the trial court.

On December 4, 1997, Donald Tunnell saw two young males run from the Eugene Britton home in Greene County and get into a car parked in the driveway. Tunnell, who was approximately one hundred yards away, was unable to identify either of the two young men, but described one as having blonde hair with a long ponytail.

Jim Ellison, a detective sergeant with the Greene County Sheriff's Department, received a radio report of the burglary. The report included a description of a vehicle. As the result of a second radio report, Detective Ellison drove to a trailer park where he observed four young males standing near a dark blue older model Oldsmobile. Three of the four men fled. Detective Ellison testified that the defendant was among the three who ran; all

were able to evade arrest. Officers arrested the fourth young male, who was a brother of the defendant. The blue Oldsmobile was the same vehicle that had previously been seen at the Britton residence.

At trial, Roy Johnson, who lived in the trailer park, testified that on the day of the burglary the defendant arrived at his residence driving a blue Oldsmobile. He described the defendant as having long blonde hair with a pony tail. Johnson recalled that the defendant, who was accompanied by his three brothers, asked if he wanted to buy a pistol, shotgun, and some rifles. The defendant claimed that he had hidden the guns "where they couldn't be found." Johnson testified that when the police officers arrived, the defendant and two of his brothers fled on foot. The officers arrested Billy Shelton, one of the defendant's brothers, inside the trailer as he attempted to flush some jewelry down the commode.

Eugene Britton testified that two shotguns, two rifles, and a pistol were missing from his residence. Various rings and necklaces belonging to his wife were also missing. While admitting he had never had the items appraised, Britton estimated their total fair market value to be about $6,000.

The defendant first argues that the evidence is insufficient to support the guilty verdicts. He specifically contends that Tunnell did not identify the defendant, never saw the defendant inside the Britton residence, and did not see the defendant in possession of the stolen goods. The defendant also submits that the state failed to adequately establish the value

3

of the items as in excess of $1,000 because Britton had little knowledge as to the value of his wife's jewelry and had not purchased the stolen guns. The defendant asserts that he is entitled to a judgment of acquittal or, in the alternative, an entry of a judgment of theft of property less than $500.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as triers of fact. Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983), cert. denied, 465 U.S. 1073 (1984); Tenn. R. App. P. 13(e).

The state may use direct evidence, circumstantial evidence, or a combination of both to prove the requisite elements of a criminal offense. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). The weight to be given circumstantial evidence, and any inferences to be drawn therefrom "are questions primarily for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958).

"A person commits burglary who, without the effective consent of the property owner," enters a building "with intent to commit a felony or theft." Tenn. Code Ann. §§ 39-14-401, -402. The burglary becomes aggravated when the building entered is a place of habitation. Tenn. Code Ann. § 39-14-403.

> "Value" is as follows:
>
> (i) The fair market value of the property... at the time and place of the offense; or (ii) If the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense...

Tenn. Code Ann. § 39-11-106(35).

The defendant fit the description provided by an eyewitness who observed two young males flee the scene of a burglary. Later that day, Roy Johnson saw the defendant driving a vehicle that met the description of the getaway car. When police officers arrived, the defendant was trying to sell Johnson firearms similar to those reported missing from the victim's residence. The defendant ran. Officers itemized the stolen jewelry. The victim testified as to the specific guns which were stolen. As owner, he testified that the fair market value of all the items was approximately $6,000. Owners are competent by fact of ownership to testify to the value of the property stolen. State v. Hamm, 611 S.W.2d 826 (Tenn. 1981); Reaves v. State, 523 S.W.2d 218, 220 (Tenn. Crim. App. 1975); see N. Cohen, D. Paine, and S. Sheppeard, Tennessee Law of Evidence § 701.2 (3rd ed. 1995). From these facts, it was entirely reasonable for the jury to conclude that the defendant was

5

guilty of the crime. It was up to the jury to assess credibility of the victim's testimony regarding the value of the jewelry. In our view, the circumstantial evidence was sufficient to support the verdict.

The defendant's second argument is that the trial court erred by imposing the maximum possible sentence. He specifically contends that being the driver of the car used in a crime does not necessarily mean that he is a leader in the commission of the offense. See Tenn. Code Ann. § 40-35-114(2).

When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see State v. Jones, 883 S.W.2d 597 (Tenn. 1994). "If the trial court applies inappropriate factors or otherwise fails to follow the 1989 Sentencing Act, the presumption of correctness falls." State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). The Sentencing Commission Comments provide that the burden is on the defendant to show the impropriety of the sentence.

Our review requires an analysis of (1) the evidence, if any, received at the trial and sentencing hearing; (2) the presentence report; (3) the

6

principles of sentencing and the arguments of counsel relative to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancing factors; (6) any statements made by the defendant in his own behalf; and (7) the defendant's potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-102, -103, and -210; State v. Smith, 735 S.W.2d 859, 863 (Tenn. Crim. App. 1987). The record in this case demonstrates that the trial court made adequate findings of fact.

In calculating the sentence for felony convictions committed before July 1, 1995, the presumptive sentence is the minimum within the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c) (1990) (amended July 1, 1995 to provide that the presumptive sentence for a Class A felony as the midpoint in the range). If there are enhancement factors but no mitigating factors, the trial court may set the sentence above the minimum. Tenn. Code Ann. § 40-35-210(d). A sentence involving both enhancement and mitigating factors requires an assignment of relative weight for the enhancement factors as a means of increasing the sentence. Tenn. Code Ann. § 40-35-210. The sentence may then be reduced within the range by any weight assigned to the mitigating factors present. Id.

The defendant was convicted of a Class D and a Class C felony. The trial court imposed a Range I standard offender sentence, with a 30% release eligibility status for both convictions. The sentence for the Class D felony, therefore, could be as little as two years or as much as four years. The sentence for the Class C felony could be as little as three years or as much as

7

six years.  Tenn. Code Ann. § 40-35-112(a)(3) and (4).  The trial court found three enhancement factors: (1) that the defendant had a prior criminal history; (2) that the defendant was a leader in the commission of the offenses; and (3) that the defendant had a history of unwillingness to comply with conditions of a previous release.  Tenn. Code Ann. § 40-35-114(1),(2), and (8).

As the only mitigating factor, the trial court found that the defendant's criminal conduct did not cause or threaten serious bodily harm.  Tenn. Code Ann. § 40-35-113(1).  The trial court assigned little weight to the mitigating factor.

In our view, the evidence supports the application of all three enhancement factors. The evidence not only indicated that the defendant was the driver of the vehicle that was used in these offenses, but that he took the lead in hiding the guns and attempting to sell them to Roy Johnson.  In our opinion, the trial court correctly applied this factor.  Furthermore, the trial court has the prerogative to weigh the enhancement factors against any mitigating circumstances.  So long as conscientious consideration is given to all relevant factors, this court will not disturb a sentence even if our assessment might have been different than that of the trial judge.  State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).

The judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

8

CONCUR:


_____
David H. Welles, Judge


_____
David G. Hayes, Judge